Judge Mills
delivered the Opinion of the Court.
The executor of Smith brought covenant against the appellant, on a writing sealed and delivered to his testator, dated the 13th day of September, 1820, and stipulating to pay, one day after date, the sum of six hundred dollars, in current Kentucky bank notes, and assigning as a breach the non-payment of the demand according to contract.
The appellant pleaded in bar as follows:
“That on the eighth day of March, 1823, it was accorded between the testator and the plaintiff and defendant, (now appellant,) that said defendant should execute a note bearing date, 13th of September, 1821, in full payment and discharge of the note declared on, dated 13th September, 1820, and said defendant in fact says, that he did, on the day and year aforesaid, at the time of the accord, execute a note as aforesaid, in full satisfaction of the note declared on, and which was accepted by said testator in full payment and satisfaction of said debt.”
To this plea the plaintiff below demurred, and the defendant joined in demurrer. The court sustained the demurrer and decided the plea to be invalid. The demurrer was argued at one term, and the decision rendered at the next succeeding term.
Motion to tile a new plea overruled, tiltil final judgment for plaintiff.
Rejected ploa,
Query, whether tho delivery of a note or security of equal dignity with that sued on, can be pleaded in bar.
If such ploa be admissible it must shew the now security is at least equal in amount to that sued-on,
After rendering judgment on the demurrer, the appellant moved for leave to file an additional plea, which was rejected by the court and the defendant excepted, and a judgment having been rendered against the defendant after an enquiry of damages, lie has appealed to this court.
The plea rejected by the court below is to this effect:
“That after the making the said promise and undertaking in the declaration mentioned, and before the commencement of this suit by the said executor, plaintiff, to-wit: on the 8th day of March, 1823, in the county and circuit aforesaid, the said defendant undertook in writing, and delivered to the testator of the plaintiff, the note of the defendant, bearing date the 13th day of September, 1821, for the sum of ,|G00, in like money, and interest, and which said writing obligatory; the said defendant then and there delivered to the testator of the plaintiff, and the testator of said plaintiff’ then and there received the same of and from the said defendant, in full satisfaction and discharge of the said several promises and undertakings in the declaration mentioned, and of all sums of money thereupon due or owing or accrued.”
As observed at the bar, the question whether one note or security of equal dignity with the one on which the action is founded, can be pleaded in bar to the first, has, owing to modern adjudications, now become queslio vexata. The ancient authorities say that it cannot be done. But we need not determine which we ought to follow. For if it be conceded that such plea can be pleaded, it will not be questioned by any, that the second note, which gives only another chose inaction to the party, ought not only to be equal in dignity to tbe first, but of equal amount or value. It is well settled, that in pleading an accord it must be shown what the accord is, and its full extent must appear, that the court may be able to judge whether it is a good satisfaction. In this the first plea of the defendant is entirely defective. It does not state amounts or sum, or give any *466 clow by which its value can be ascertained. It is barely a note executed and delivered in satisfaction, it does not say for bow much. The court below, therefore, did right in overruling it.
Dufoudant has a right to filo several picas in bar, though they may be insufficient--
But—
Where the defendant at first files but one plea, and that is roj ected, an application to file another plea, is at the discretion of the court, and an ill plea may bo refused.
The second plea tendered and rejected, is of the same nature, or rather it is an attempt to plead the same matter more explicitly, and to remedy some of the defects in the first plea.
If the defendant had tendered this plea in the first instance, with his first, he would have had a right, to file it. For the law tolerates a defendant to plead as many several pleas as he shall think necessary for his defence.
But- it does not permit him to file them one by one, at as many different times as be pleases. He is bound to file them at once, and if he omits to do so, bis additional pleas must come in, if permitted at all, by the leave of the court below, and under its sound discretion; in the exercise of which this court has often held, that it will not interfere, unless that discretion is abused, to the prevention of justice. If, therefore, it be admitted that this plea is a good one, it came too late, and it does not appear that the court abused its discretion in rejecting it. If it be true, the defendant below will be subjected to no more by a recovery in this action, than he would be if he should, by maintaining his plea, turn the plaintiff round to a new action on the last note which he does not pretend that he has discharged. He did not ask to amend his first defective plea, which he might have done, and which the court, if necessary to the attainment of justice, might have permitted. But instead of this, lie chose to insist on the validity of his first plea, and to avail himself of error in the decision thereon, if there should be any, and still try an adventure with another more formal and explicit. This the court refused, and it does not appear that he is in danger of injustice by that decision. For it must be a good rule to keep the record simple, and not to indulge many jileas of the same matter, with slight shades of variance, when one good one is enough.
Plea of a new obligation given for that sued on, ought to be pleaded in accord and satisfaction of the damages.
Robertson, for appellant; Mayes, for appellee.
We will barely add, that tlie last plea, to be good ought to have been pleaded in satisfaction of the damages sustained by breach of the covenant. Instead of this, the writer misled by his forms, or mistaking the action, made it a plea in an action of assumpsit.
There is no error in the judgment of the court below, and it must he affirmed with damages and costs.